UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, M. MILLER BAKER, JUDGES; THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

|  |  |
|---|---|
| OMAN FASTENERS, LLC, *ET AL.*,   Plaintiff,   v.   THE UNITED STATES, *ET AL.*,   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )   Consol. No. 20-00037 |

**DEFENDANT'S SUPPLEMENTAL NOTICE CONCERNING THE PARTIES' INABILITY TO REACH AGREEMENT ON CONTINUOUS BONDING, AND REQUEST FOR CONTINUOUS BONDING**

Defendants file this supplemental notice to alert the Court that the parties still have not been able to reach an agreement as required by this Court's order concerning sufficient bonding for plaintiff's, Oman Fasteners, LLC (Oman Fasteners), subject entries pending the outcome of Defendant's appeal in this action. *Oman Fasteners, LLC, et al. v. United States, et al.*, Ct. No. 20-00032, slip op. 21-144 (Ct. Int'l Trade Oct. 15, 2021). As of this month, Oman Fasteners is no longer providing any additional bonding for its prospective subject entries, which will be due should the Government prevail on appeal. We know this because on February 17, 2022, Oman Fasteners informed CBP that its bond would expire at the end of the month and reiterated that it would not procure any additional bonding to cover the forgone section 232 duty deposits. Oman Fasteners has

also made clear that it will not deposit the estimated Section 232 duties with CBP. The resulting lack of both bonding and estimated duty deposits imposes present and ongoing risk to the public fisc that we believe Oman Fasteners should be required to promptly address. Oman Fasteners has indicated that it will make necessary adjustments regarding security only after this Court rules on the form of security it must procure.

By way of background, this is a section 232 case involving a challenge to a Presidential Proclamation imposing tariffs on derivatives of steel and aluminum articles, *i.e.*, Proclamation 9980. As the case was pending, and to avoid the necessity of briefing for preliminary injunctive relief, the parties negotiated an arrangement by which Oman Fasteners, and Huttig Building Products, Inc. and Huttig, Inc. (collectively Huttig), would be required to post additional bonding, rather than make Section 232 estimated duty deposits, as is normally required by law, to secure affected entries pending resolution of the matter.

On June 10, 2021, in a two-to-one majority decision, the Court invalidated Proclamation 9980, and thereby ordered that "entries affected by this litigation shall be liquidated without assessment of duties provided for in Proclamation 9980" and that "any entries affected by this litigation that may have been liquidated with the assessment of duties provided for in Proclamation 9980 shall be reliquidated without assessment of such duties" and to refund such duties with any interest as provided by law. ECF No. 108 at 2. The Court further ordered that the plaintiffs were no longer required to post additional bonding on affected entries to cover the assessment of duties provided for in Proclamation 9980. *Id*.

We timely appealed this Court's decision, and contemporaneously moved for a stay of judgment to maintain the status quo pending appeal. On October 15, 2021, this Court granted our motion. *Oman Fasteners, LLC, et al. v. United States, et al.*, Ct. No. 20-00032, slip op. 21-144 (Ct. Int'l Trade Oct. 15, 2021). Rather than order specific relief, however, the Court ordered the parties to "confer . . . with the objective of reaching, and entering into, an agreement . . . on monitoring and such bonding for [relevant] entries of merchandise . . . that have occurred, and will occur, on or after June 10, 2021, as is reasonably necessary to secure potential liability for duties and fees" at issue in the case. *Id.* at 19. Over the next several months, the parties conferred and attempted to negotiate an arrangement consistent with this Court's order, and provided periodic updates regarding their efforts. ECF Nos. 121, 123, and 125.

On January 5, 2022, the parties submitted a final joint notice to the Court. ECF No. 127. In that joint notice, the parties reported that although they were able to reach "an agreement on monitoring and such bonding as is reasonably necessary to secure the total amount of foregone duty deposits plus lawful interest for entries of Huttig's [relevant] merchandise," they were "unable to reach [such] an agreement as to the entries of Oman Fasteners." *Id.* at 2. In separate statements, the parties explained the issue. *Id.* at 3-12. Despite the Court's explicit order to confer "with the objective of reaching, and entering into, an agreement . . . on … bonding," *Oman Fasteners*, Ct. No. 20-00032, slip op. 21-144 at 19, Oman Fasteners has informed us that it will not agree to bonding for its subject entries covered by Section 232 tariffs because bonding is too costly, and now insists that it should be allowed to deposit Section 232 duties into a private escrow

3

account instead, *see* ECF No. 127.  Not only does such an arrangement lack precedent, it squarely disregards this Court's order to make efforts to "reach[], and enter[] into, an agreement . . . on … bonding." *Oman Fasteners*, Ct. No. 20-00032, slip op. 21-144 at 19.

Given Oman Fasteners' apparent willingness to set aside estimated Section 232 deposit amounts, and to address Oman Fasteners' concern about the costs associated with bonding, we suggested that Oman Fasteners could perhaps deposit the estimated duties on its subject entries, as other importers have been doing in all but one of the other cases that have similarly challenged the Section 232 tariffs imposed by Proclamation 9980.  *See PrimeSource Building Products, Inc.*, Court No. 20-00032 (Ct. Int'l Trade) (the one case exception).  Because the liquidation of Oman Fasteners' subject entries is suspended pursuant to court order, we informed Oman Fasteners that the entries will liquidate based on the court's final decision on appeal, and that Oman Fasteners' interest would be protected because any amount of estimated duty deposits that turn out have been paid in excess of what the court's decision ultimately requires will be refunded, with interest upon the liquidation of the subject entries in accordance with the court's final judgment. *See* 19 U.S.C. § 1505(b) (Customs "shall … refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation").  But Oman Fasteners was nevertheless unwilling to deposit the estimated duties, despite the legal assurance that all such estimated duty deposits would be subject to refund with interest upon liquidation in accordance with the Court's final decision if it prevailed on

4

appeal. Unable to reach a resolution, the parties reported their impasse to the Court. ECF No. 127 at 2.

Consistent with the Court's Oct. 15, 2021 order regarding the objective of bonding, we make this filing to advise the Court of the current situation and respectfully request the Court's assistance. As noted above, Oman Fasteners has replaced its continuous importation bond with a bond that provides for *no* additional security to cover the foregone Section 232 estimated duty deposits pending the outcome of appeal, leaving such foregone deposits essentially unsecured in the event that the duties are ultimately assessed at liquidation should the Government prevail on appeal. We believe that an appropriate resolution is that the Court enter an order to reinstate the status quo pending appeal. *See* Decl. of Acting Exec. Dir. Brandon Lord (Aug. 9, 2021), ECF No. 112 at ¶ 4; *see also* ECF No. 94 (Order, Sept. 11, 2021). Or in the alternative, we request that the Court order Oman Fasteners to deposit the estimated Section 232 duties on its subject entries, which will liquidate based on the Court's final decision on appeal. We are available should the Court wish to confer with the parties concerning this matter.

|  |  |
|---|---|
|  | Respectfully Submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Acting Assistant<br>Attorney General<br><br>PATRICIA M. McCARTHY<br>Director<br><br>/s/ Tara K. Hogan<br>TARA K. HOGAN<br>Assistant Director<br><br>/s/ Meen Geu Oh |
| Dated: March 18, 2022 | MEEN GEU OH<br>Senior Trial Counsel<br>Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480, Ben Franklin Station<br>Washington, DC 20044<br>Tele: (202) 307-0184<br>Email: Meen-Geu.Oh@usdoj.gov<br><br>Attorney for Defendants |