Slip Op. No. 22-35

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **OMAN FASTENERS, LLC, et al.,** | |
| Plaintiffs, | **Before: Jennifer Choe-Groves, Judge** |
| | **M. Miller Baker, Judge** |
| v. | **Timothy C. Stanceu, Judge** |
| **UNITED STATES, et al.,** | **Consol. Court No. 20-00037** |
| Defendants. | |

OPINION AND ORDER

[Ordering measures to protect potential government revenue pending defendants' appeal of previous judgment in litigation contesting a Presidential proclamation]

Dated: April 15, 2022

*Andrew Caridas*, Perkins Coie, LLP, of Washington, D.C., for plaintiff Oman Fasteners, LLC.  With him on the submissions were *Michael P. House*, *Shuaiqi Yuan*, *Jon B. Jacobs*, and *Brenna D. Duncan*.

*Meen Geu Oh*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendants.  With him on the submissions were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Tara K. Hogan*, Assistant Director.

Stanceu, Judge: Plaintiff Oman Fasteners, LLC ("Oman Fasteners") and

defendants jointly inform the court of their inability to reach agreement on the form in

which measures may be taken to protect the revenue of the United States pending

defendants' appeal of our judgment in *Oman Fasteners, LLC v. United States*, 45 CIT __, 520 F. Supp. 3d 1332 (2021) (*"Oman Fasteners I"*).  The court orders plaintiff Oman Fasteners to make cash deposits on future entries of merchandise affected by this litigation, unless or until Oman Fasteners and defendants agree upon and implement bonding to secure potential government revenue, during the remainder of the stay pending defendants' appeal of our prior judgment.

## I. BACKGROUND

In *PrimeSource Bldg. Prods., Inc. v. United States*, 45 CIT __, 505 F. Supp. 3d 1352 (2021) ("*PrimeSource*"), we held that a proclamation issued by the President of the United States ("Proclamation 9980"), *Adjusting Imports of Derivative Aluminum Articles and Derivative Steel Articles Into the United States*, 85 Fed. Reg. 5,281 (Exec. Office of the President Jan. 29, 2020), in which the President imposed duties of 25% *ad valorem* on various imported products made of steel, including nails and other fasteners, was issued contrary to time limitations in Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862 ("Section 232")[1] and therefore beyond the authority to adjust tariffs that Section 232 delegated to the President.

In *Oman Fasteners I*, we granted summary judgment in favor of Oman Fasteners, who brought a claim essentially identical to that asserted in the *PrimeSource* litigation.

---

[1] All citations to the United States Code herein are to the 2018 edition.

In the judgment, we ordered defendants to liquidate the entries affected by this litigation without assessment of the 25% *ad valorem* Section 232 duties, discontinue the then-existing obligation of plaintiffs to post bonding for such duties, and refund with interest any deposits of Section 232 duties that may have been made.  Judgment 2 (June 10, 2021), ECF No. 108.  Defendants filed a notice of appeal of our judgment. Notice of Appeal 4–5 (Aug. 7, 2021), ECF No. 110.

In *Oman Fasteners, LLC v. United States*, 45 CIT __, 542 F. Supp. 3d 1399 (2021) ("*Oman Fasteners II*"), upon defendants' motion, we took several actions pending appeal.  We stayed our order to liquidate the affected entries and refund with interest any deposits of Section 232 duties, enjoined the liquidation of the affected entries, and ordered defendants to confer with Oman Fasteners and co-plaintiffs Huttig Building Products, Inc. and Huttig, Inc. (collectively, "Huttig") "with the objective of reaching, and entering into, an agreement with Oman and an agreement with Huttig on monitoring and such bonding for entries of merchandise within the scope of Proclamation 9980 that have occurred, and will occur, on or after June 10, 2021 [the date of the entry of judgment], as is reasonably necessary to secure potential liability for duties and fees."  *Oman Fasteners II*, 45 CIT at __, 542 F. Supp. 3d at 1409.

In taking the actions to allow defendants to protect potential revenue from Section 232 duties pending the appeal of our judgment in *Oman Fasteners I*, we stated that the opinion of the Court of Appeals for the Federal Circuit ("Court of Appeals") in

*Transpacific Steel LLC v. United States*, 4 F.4th 1306 (Fed. Cir. 2021), "causes us to conclude that defendants have made a sufficiently strong showing that they will succeed on the merits on appeal." *Oman Fasteners II*, 45 CIT at __, 542 F. Supp. 3d at 1403. We concluded that defendants demonstrated, further, the likelihood of irreparable harm in the absence of the relief sought, explaining that the "harm is the loss of the authority, provided for by statute and routinely exercised by Customs [and Border Protection] in every import transaction, to require and maintain such bonding as it determines is reasonably necessary to protect the revenue of the United States." *Id.*, 45 CIT at __, 542 F. Supp. 3d at 1405–06. We also concluded that the remaining equitable factors, balancing of the hardships and the public interest, also favored allowing the government to exercise its authority to protect the revenue. *Id.*, 45 CIT at __, 542 F. Supp. 3d at 1407–08.

Plaintiffs and defendants reached agreement on bonding following our decision in *Oman Fasteners II*, and the special bonding arrangement for Section 232 duties continues to be in place for entries by Huttig. But as to entries by Oman Fasteners, the parties are no longer in agreement, and, according to defendants, the government's interest in potential Section 232 duties on Oman Fasteners's entries occurring after the end of February 2022 is not currently being protected by special bonding. Defs.' Suppl. Notice Concerning the Parties' Inability to Reach Agreement on Continuous Bonding, and Request for Continuous Bonding 1–2 (Mar. 18, 2022), ECF No. 129 ("Defs.'

Request"); *see also* Joint Notice Regarding Court's Order Concerning Monitoring and

Continuous Bonding 1–3 (Jan. 5, 2022), ECF Nos. 127 (public), 128 (conf.) ("Joint

Notice").[2]

Opposing renewed bonding or the deposit of cash deposits on its entries, Oman

Fasteners has responded to defendants' latest submission by proposing that the

government's interest in potential Section 232 duties be protected by the deposit of

estimated potential Section 232 duties into an escrow account, a proposal defendants

oppose.  Oman Fasteners' Resp. to Defs.' Suppl. Notice Regarding Bonding (Apr. 1,

2022), ECF Nos. 131 (conf.), 132 (public) ("Oman Fasteners's Resp.").  The court issues

this Opinion and Order to resolve the current dispute between Oman Fasteners and

defendants and also to provide for protection of the revenue for Section 232 duties

potentially owed on entries of merchandise by Oman Fasteners that are subject to

Proclamation 9980.

## II. DISCUSSION

The current dispute between Oman Fasteners and defendants is not over

whether, but how, the government's interest in potential Section 232 duties should be

protected.  Oman Fasteners is opposed to the resumption of bonding for these potential

duties, arguing that "liquidation of all of Oman Fasteners' entries at issue in this case

---

[2] All citations in this Opinion and Order are to public documents.

likely will not occur until years after Defendants' appeal has concluded," Oman

Fasteners's Resp. 3; *see* Joint Notice 4–5.  Referring to lengthy suspensions of

liquidation, Oman Fasteners explains that "the entries subject to the stay will coincide

with the as-yet uninitiated seventh administrative review (covering entries between

July 1, 2021 and June 30, 2022) and very likely eighth administrative review (covering

entries between July 1, 2022 and June 30, 2023)" in *Certain Steel Nails from the Sultanate of

Oman*, Inv. No. A-523–808 ("*Oman Nails*").  Oman Fasteners's Resp. 3.

Oman Fasteners also is opposed to the deposit of estimated Section 232 duties on

its current and future entries, maintaining that "there is no guarantee that Oman

Fasteners would be able to recoup these funds prior to liquidation of the entries," which

delay, according to Oman Fasteners, would cause it unnecessary hardship.  Joint

Notice 5.  It argues, further, that depositing estimated Section 232 duties, "even

payment of *contingent* duties, may affect the dumping margin calculations in

subsequent reviews" in that "this Court has held that Section 232 duties are deductible

from export price in antidumping cases."  Oman Fasteners's Resp. 4 (citing *Borusan

Mannesmann Boru Sanayi Ve Ticaret A.S. v. United States*, 45 CIT __, __, 494 F. Supp. 3d.

1365, 1372–76 (2021)).

Oman Fasteners "proposes securing the Government's revenue interest by

establishing an escrow account, into which Oman Fasteners would deposit funds

sufficient to cover all Section 232 duties that would be assessed on its entries of

merchandise in the event that Defendants ultimately prevail on the merits of their

appeal." Joint Notice 3. It adds that "[u]nlike a customs bond, an escrow account can

be interest bearing, with the interest proceeds paid out to the prevailing party in this

litigation." *Id.* at 4. Also, as Oman Fasteners points out, duties could be escrowed for

entries that already have occurred. Oman Fasteners's Resp. 2.

The court is not convinced that Oman Fasteners's proposed establishment of an

escrow account would be superior to the deposit of estimated Section 232 duties for

entries affected by this litigation. Any such account would have to be administered by,

or under the supervision of, the court. Should the parties come into dispute as to

whether the proper amounts of potential Section 232 duties were deposited, or

deposited timely, the court would be called upon to resolve the matter. In comparison,

U.S. Customs and Border Protection already has well-established procedures in place to

receive and administer estimated duties of any character. While an extra burden on the

court would not be a disqualifying reason for establishing an escrow account in a case

in which doing so is necessary to ensure fairness to the parties, this is not such a case.

Here, the escrow account procedure essentially would perform the function that

deposits of estimated duties perform under existing statutory and regulatory

procedures, which Congress established for the administration of the Tariff Act of 1930,

and, specifically, for the protection of the revenue. *See* 19 U.S.C. § 1505. Because other,

non-Section 232-related amounts would need to be deposited on those entries as they

occur, the escrow account procedure essentially would be duplicative as well as unnecessary.

Regarding administrative burden, Oman Fasteners argues that "providing security for entries during the interim period would likely require using an escrow account like the one Oman Fasteners proposes as a global solution." Oman Fasteners's Resp. 5. The court does not agree. Cash deposits of potential Section 232 duties and bonding are available as alternatives to an escrow account during the pendency of defendants' appeal. And with respect to the proposal that an escrow account be interest-bearing, the existing procedures already provide for interest assessment on underpaid duty deposits and the payment of interest to importers of record for excess duties deposited.

Nor is the court convinced by the argument that Oman Fasteners, if ultimately prevailing in this litigation, might be unable to recoup its deposited Section 232 duties prior to liquidation of the entries. The court does not foresee a situation in which this would occur. Should our judgment in *Oman Fasteners I* ultimately be affirmed after all appeals are concluded, this Court would have the power to order the refund, with interest, of deposits made to secure potential Section 232 duty liability on entries of Oman Fasteners that remain in unliquidated status.

Finally, the court considers Oman Fasteners's argument that deposit of estimated Section 232 duties could increase its dumping margin in future reviews of the

applicable antidumping duty order.  As Oman Fasteners itself recognizes, Oman

Fasteners's Resp. 3–4, administrative reviews involving entries made in the coming

months would not be conducted and completed anytime in the near future.  Oman

Fasteners presumes that using an escrow account for potential estimated Section 232

duties rather than duty deposits on individual entries might be advantageous to it in

those future reviews, but this is a matter of speculation.  The court's responsibility is to

resolve the current dispute regarding security according to the present circumstances of

this litigation rather than upon speculation concerning the issues that may be addressed

in a future administrative proceeding conducted under the antidumping duty laws.

### III.  CONCLUSION AND ORDER

Based on the foregoing, we conclude that plaintiff Oman Fasteners has not

presented a convincing argument why the court should establish and administer an

escrow procedure to provide for security on its potential Section 232 duty liability

during the remainder of the stay pending appeal.

Therefore, upon the court's consideration of the papers filed herein, and upon

due deliberation, it is hereby

**ORDERED** that plaintiff Oman Fasteners shall make duty deposits for potential
Section 232 duty liability on all consumption entries affected by this litigation that are
made after the date of this Opinion and Order and during the remainder of the stay
pending defendants' appeal of this Court's judgment in this litigation; it is further

**ORDERED** that Oman Fasteners, should it so choose, may discontinue the duty
deposits ordered herein after reaching agreement with defendants on the resumption of

bonding to secure the protection of the revenue for potential Section 232 duty liability and putting such bonding into place; and it is further

      **ORDERED** that should defendants believe that any entries by Oman Fasteners of merchandise affected by this litigation that were made during the period from February 28, 2022 to and including the date of this Opinion and Order are not covered by a continuous bond sufficient to avoid a significant risk to the revenue, defendants shall confer with Oman Fasteners to discuss an appropriate resolution of this issue and shall file a status report on the outcome of any such resolution or discussions.

/s/ Jennifer Choe-Groves

Jennifer Choe-Groves, Judge

/s/ M. Miller Baker

M. Miller Baker, Judge

/s/ Timothy C. Stanceu

Timothy C. Stanceu, Judge

Dated: April 15, 2022
      New York, New York