Slip Op. No. 22-119

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **OMAN FASTENERS, LLC, et al.,** | |
| Plaintiffs, | Before: **Jennifer Choe-Groves, Judge** |
| | **M. Miller Baker, Judge** |
| v. | **Timothy C. Stanceu, Judge** |
| **UNITED STATES, et al.,** | Consol. Court No. 20-00037 |
| Defendants. | |

**OPINION AND ORDER**

[Resolving a dispute between the parties on bonding in lieu of deposits for potential duty liability stemming from a Presidential Proclamation]

Dated: October 21, 2022

*Andrew Caridas*, Perkins Coie, LLP, of Washington, D.C., for plaintiff Oman Fasteners, LLC. With him on the submissions were *Michael P. House*, *Shuaiqi Yuan*, *Jon B. Jacobs*, and *Brenna D. Duncan*.

*Meen Geu Oh*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendants. With him on the submission was *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Tara K. Hogan*, Assistant Director.

Stanceu, Judge: Plaintiff Oman Fasteners, LLC ("Oman Fasteners" or "movant") seeks relief from defendants' refusal to allow bonding in lieu of cash deposits for potential liability for duties under a Presidential Proclamation, Proclamation No. 9980, *Adjusting Imports of Derivative Aluminum Articles and Derivative Steel Articles Into the*

*United States*, 85 Fed. Reg. 5,281 (Exec. Office of the President Jan. 29, 2020) ("Proclamation 9980"), which imposed duties on various imported products made of aluminum or steel, including steel fasteners. Granting Oman Fasteners's motion in part and denying it in part, we require defendants to exclude Oman Fasteners from a requirement to post cash deposits for potential duty liability under Proclamation 9980 until such time as defendants obtain a further order from this Court or Oman Fasteners voluntarily enters into an agreement with defendants that modifies the terms of this Opinion and Order.

## I. BACKGROUND

In *PrimeSource Bldg. Prods., Inc. v. United States*, 45 CIT __, 505 F. Supp. 3d 1352 (2021) ("*PrimeSource*"), we invalidated Proclamation 9980. We held that Proclamation 9980, which imposed duties of 25% *ad valorem* on various imported products made of steel, including nails and other fasteners, was issued contrary to time limitations in Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862 ("Section 232"),[1] and therefore beyond the authority to adjust tariffs that Section 232 delegated to the President.

In *Oman Fasteners, LLC v. United States*, 45 CIT __, 520 F. Supp. 3d 1332 (2021) ("*Oman Fasteners I*"), we awarded plaintiffs summary judgment on a claim essentially

---

[1] All citations to the United States Code herein are to the 2018 edition.

identical to that asserted in the *PrimeSource* litigation. In the judgment, we ordered defendants to liquidate the entries affected by this litigation without assessment of the 25% Section 232 duties, discontinue the then-existing obligation of plaintiffs to post bonding for such duties, and refund with interest any deposits of Section 232 duties that may have been made. Judgment 1–2 (June 10, 2021), ECF No. 108.

In our October 15, 2021 Opinion and Order in *Oman Fasteners, LLC v. United States*, 45 CIT __, 542 F. Supp. 3d 1399 (2021) ("*Oman Fasteners II*"), we took several actions, on defendants' motion, following their appeal of our judgment in *Oman Fasteners I*. We stayed our order to liquidate the affected entries and refund with interest any deposits of Section 232 duties, enjoined the liquidation of the affected entries, and ordered defendants to confer with Oman Fasteners and co-plaintiffs Huttig Building Products, Inc. and Huttig, Inc. (collectively, "Huttig") "with the objective of reaching, and entering into, an agreement with Oman and an agreement with Huttig on monitoring and such bonding for entries of merchandise within the scope of Proclamation 9980 that have occurred, and will occur, on or after June 10, 2021," the date of the entry of judgment, "as is reasonably necessary to secure potential liability for duties and fees." *Oman Fasteners II*, 45 CIT at __, 542 F. Supp. 3d at 1409.

In taking the actions to allow defendants to protect potential revenue from Section 232 duties pending the appeal of our judgment in *Oman Fasteners I*, we stated that the opinion of the Court of Appeals for the Federal Circuit ("Court of Appeals") in

*Transpacific Steel LLC v. United States*, 4 F.4th 1306 (Fed. Cir. 2021), "causes us to conclude that defendants have made a sufficiently strong showing that they will succeed on the merits on appeal." *Oman Fasteners II*, 45 CIT at __, 542 F. Supp. 3d at 1403. We concluded that defendants demonstrated, further, the likelihood of irreparable harm in the absence of the relief sought, explaining that the "harm is the loss of the authority, provided for by statute and routinely exercised by Customs [and Border Protection ("Customs" or "CBP")] in every import transaction, to require and maintain such bonding as it determines is reasonably necessary to protect the revenue of the United States." *Id.*, 45 CIT at __, 542 F. Supp. 3d at 1405–06. We also concluded that the remaining equitable factors, balance of the hardships and the public interest, also favored allowing the government to take steps to protect the potential revenue in the circumstance presented. *Id.*, 45 CIT at __, 542 F. Supp. 3d at 1407–08.

Following our decision in *Oman Fasteners II*, defendants reached agreements with Oman Fasteners and with the other plaintiffs in this case on enhanced bonding to provide security for potential Section 232 duties under Proclamation 9980. But earlier this year, the government informed the court that its interest in potential Section 232 duties on Oman Fasteners's entries occurring after the end of February 2022 was not currently being protected by movant's bonding. Defs.' Suppl. Notice Concerning the Parties' Inability to Reach Agreement on Continuous Bonding, and Request for Continuous Bonding 1–2 (Mar. 18, 2022), ECF No. 129 ("Defs.' Request"); *see also* Joint

Notice Regarding Court's Order Concerning Monitoring and Continuous Bonding 1–3 (Jan. 5, 2022), ECF Nos. 127 (public), 128 (conf.).[2] To resolve the dispute between Oman Fasteners and defendants, we issued, on April 15, 2022, an Opinion and Order in which we directed as follows:

1. Oman Fasteners shall make duty deposits for potential Section 232 duty liability on all consumption entries affected by this litigation that are made after the date of this Opinion and Order and during the remainder of the stay pending defendants' appeal of this Court's judgment in this litigation.

2. Oman Fasteners, should it so choose, may discontinue the duty deposits ordered herein after reaching agreement with defendants on the resumption of bonding to secure the protection of the revenue for potential Section 232 duty liability and putting such bonding in place.

3. Should defendants believe that any entries by Oman Fasteners of merchandise affected by this litigation that were made during the period from February 28, 2022 to and including the date of this Opinion and Order are not covered by a continuous bond sufficient to avoid a significant risk to the revenue, defendants shall confer with Oman Fasteners to discuss an appropriate resolution of this issue and shall file a status report on the outcome of any such resolution or discussions.

*Oman Fasteners, LLC v. United States*, 46 CIT __, 567 F. Supp. 3d 1364, 1368–69 (2022) ("*Oman Fasteners III*").

Now before the court is Oman Fasteners's Emergency Motion to Compel Defendants' Compliance with the Court's April 15, 2022 Order (Sept. 19, 2022), ECF

---

[2] The information presented in this Opinion and Order was obtained from the public versions of the documents submitted to the court.

Nos. 136 (conf.), 137 (public) ("Pl.'s Mot."). Defendant filed a response in opposition on September 26, 2022. Defs.' Resp. to Pl.'s Emergency Mot. to Compel Defs.' Compliance with Court Order, ECF Nos. 145 (public), 146 (conf.) ("Defs.' Resp."). With leave of the court, Oman Fasteners filed a reply. Oman Fasteners's Reply in Supp. of Emergency Mot. to Compel Defs.' Compliance with the Court's April 15, 2022 Order (Sept. 28, 2022), ECF Nos. 143 (conf.), 144 (public) ("Pl.'s Reply").

## II. Discussion

The following facts are taken from the parties' recent submissions and are not in dispute unless otherwise noted.

### A. The Parties Agreed on an Exclusion from the Section 232 Cash Deposit Requirement in Return for Bonding in an Agreed-Upon Amount

Oman Fasteners began making cash deposits for its potential duty liability under Proclamation 9980 following the court's April 15, 2022 ruling in *Oman Fasteners III*. Pl.'s Mot. 6. The developments leading up to the current dispute between the parties began on August 5, 2022, when, according to movant, Customs informed Oman Fasteners that it considered Oman Fasteners's then-current continuous bond to have an insufficient limit of liability and that a new, higher bond must be put into place by September 5, 2022. *Id*. In responding, Oman Fasteners attempted to get Customs to agree to allow bonding that would provide security for, in addition to other potential duty liability, potential Section 232 duties under Proclamation 9980: "Prompted by the need to increase its customs bond in any event, and in order to prevent material future harm

from continued payment of cash deposits, Oman Fasteners decided to resume bonding of potential Section 232 liability." *Id*.

On Wednesday, August 17, 2022, movant's counsel sent an email message to counsel for defendants stating that Oman Fasteners "would like to resume bonding 232 entries pursuant to the CIT's April 15, 2022 order" and is "prepared to put up a . . . continuous bond to secure the 232 liability, and to monitor our entries and terminate and replace that bond once it is exhausted." Pl.'s Mot., Ex. A at 3–4 (confidential amount of proposed bond omitted). The government's counsel responded expeditiously, on Friday, August 19, 2022, per the request of movant's counsel. In that response, also memorialized by email, defendant's counsel: (1) disclosed that he had consulted with Customs; (2) informed movant's counsel that Customs agreed to accept a bond in the amount proposed by Oman Fasteners; and (3) informed movant's counsel that, in light of the new bond, Oman Fasteners, effective August 25, 2022, would have an exclusion from the requirement to post cash deposits for Section 232 duty liability.[3]

---

[3] The response of the attorney for defendants communicated terms of an agreement, as follows: "First, CBP is fine with OF [Oman Fasteners's] posting a . . . bond, with the understanding that CBP expects that the importer will exhaust this bond 83 days after the proposed bond effective date, at which point CBP will be able to issue a new bond sufficiency notice." Oman Fasteners's Emergency Mot. to Compel Defs.' Compliance with the Court's April 15, 2022 Order, Ex. A at 2 (Sept. 19, 2022), ECF Nos. 136 (conf.), 137 (public) ("Pl.'s Mot.") (confidential amount of new bond deleted). The reference to "the proposed bond effective date" apparently was a reference to September 5, 2022. Counsel for the government also informed movant's counsel that Customs will arrange for resumption of the exclusion from the Section 232 cash deposit (continued . . .)

The movant states that it proceeded, that same day, with the application for a bond in the agreed-upon amount, thus accepting the terms defendants' counsel had communicated. *Id.*, Ex. A at 1.

The following week, the same attorney for the government who, on Friday, August 19, represented defendants in entering into an agreement with the attorney for Oman Fasteners, informed movant's attorney that Customs would refuse to honor that agreement.[4] That refusal continues to the present.

### B. Defendants Have Not Honored the Agreement They Made with Oman Fasteners on August 19, 2022

Defendants admit that an agreement was reached on Friday, August 19, 2022. Defs.' Resp. 8 ("In the short time it had been afforded to respond, CBP agreed (at the deadline) to allow Oman Fasteners to post its . . . bond and thereby resume being

---

(. . . continued)
requirement: "Second, CBP says the exclusion number . . . will be re-activated on Thursday, August 25." *Id*. (confidential data omitted).

[4] The government's attorney's first communication following the making of the agreement, an email message sent on Monday, August 22, 2022, stated that it ". . . looks like CBP is not thrilled about the amount of the bonding OF is proposing given how quickly it may be exhausted based on running practice.  I have a call w/them tomorrow PM but I suspect they will insist that OF get a higher bond amount."  Pl.'s Mot., Ex. A at 1.  This email mischaracterized the new bond amount as one that Oman Fasteners was "proposing" even though the same attorney had communicated CBP's acceptance of movant's offer the previous Friday.  Movant's counsel responded by email that "[g]iven the tight timeline in CPB's deficiency notice, we already submitted the paperwork on Friday for the new bond, so I don't think we can change that now.  We relied on CBP's representations below to become compliant within CBP's deadlines."  *Id.*

excluded from paying Section 232 duty deposits." (confidential amount of agreed-upon bond omitted)). But according to defendants, "[t]hat agreement was a regrettable mistake," explaining that CBP was unable to "consult with important stakeholders" within Customs. *Id*. The government also acknowledges that upon its attorney's communicating to movant's attorney, on that Friday, the terms by which Customs would allow an exclusion from the Section 232 cash deposit requirement, "Oman Fasteners then put in the paperwork to effectuate that bond." *Id*.

In a telephone conference on Tuesday, August 23, 2022, the government attorney who had entered into the agreement the previous Friday informed movant's attorney that Customs now considered a bond in the agreed-upon amount to be too small. During that week, the parties' counsels discussed the question of whether a bond with a limit of liability much higher—and nearly double—the earlier, agreed-upon amount would suffice. The government's counsel did not promise that Customs would so agree but indicated that the significantly larger bond would be, or might be, more acceptable. Pl.'s Mot. 9; Defs.' Resp. 9–10.

Oman Fasteners was able to obtain the new, much larger bond from its surety. Regardless, defendants refused to allow Oman Fasteners to have the benefit of the previously-agreed-upon exclusion from the Section 232 cash deposit requirement, even in return for movant's posting a bond in the new, substantially higher, amount.

The terms of the agreement are clear from the email messages. In return for movant's submitting a new bond in the previously agreed upon, i.e., lower, amount, the parties agreed that Oman Fasteners would not be required to make cash deposits for potential Section 232 duty liability, effective Thursday, August 25, 2022 and continuing until Customs issues a new "bond sufficiency notice" following a determination on a future replacement for that new bond (which Customs expected it would issue 83 days after September 5, 2022). Pl.'s Mot., Ex. A at 2. Explicitly, or at least implicitly by conduct, Oman Fasteners accepted those terms, having immediately begun the application process for the bond. But defendants refused to allow a bond in that lower amount to be tendered or to go into effect in return for a continuing exclusion from the Section 232 duty deposit requirement, let alone an exclusion (as promised) that would last until the future issuance of a notice of a bond sufficiency determination.[5] Defendants' response to the pending motion informed the court that "CBP thus intends to turn off the exclusion" from the requirement to post section 232 cash deposits "on

---

[5] Defendants state that their counsel, on August 30, 2022, "explained that although CBP intended to honor a bonding arrangement up to the amount of its first agreement, it would not allow the arrangement to continue up to the full amount of the second bond that Oman Fasteners had unilaterally installed." Defs.' Resp. 12 (footnote omitted). Whatever may have occurred, it appears that CBP's intention has been mooted by defendants' termination of any exclusion from the cash deposit requirement. *Id*. at 12 n.4. Moreover, counsel for the government announced a further reduction from the previously-agreed bond amount that would be allowed for any such exclusion. *Id*.

September 29, 2022" and that "[f]rom there, Oman Fasteners must pay estimated Section 232 duty deposits on its subject entries." Defs.' Resp. 12 n.4.

In summary, defendants refused to honor their agreement with Oman Fasteners, which was reached through the unambiguous written communications of defendants' counsel. The terms of that agreement precluded defendants from requiring Section 232 cash deposits pending issuance of a notice of a future bond sufficiency determination. Defendants required those deposits anyway, even rejecting Oman Fasteners's tender of a continuous bond for nearly double the bond amount upon which the parties originally agreed.

**C. Defendants Now Must Allow Oman Fasteners an Exclusion from the Obligation to Deposit Potential Section 232 Duties**

Defendants' current position is that "[a]ny relief that Oman Fasteners' [*sic*] requests should be denied." Defs.' Resp. 17. The court disagrees. For its current position, Oman Fasteners "requests that the Court order Defendants to honor the full amount of Oman Fasteners' current Section 232 bond and permit Oman Fasteners to continue bonding for its potential Section 232 liability after exhaustion of the current bond." Pl.'s Reply 8. As discussed below, the court agrees in part and disagrees in part.

As the court has recounted, this dispute began when Customs notified Oman Fasteners on August 5, 2022, that its current continuous bond was insufficient. Pl.'s Mot. 6. At that time, Oman was making cash deposits for its potential Section 232 liability, and it appears, therefore, that the agency's bond insufficiency determination

was not based on potential Section 232 liability.  At present, the only continuous bond that is available is the bond for the larger, i.e., nearly double, amount.  As might be expected, obtaining that larger bond required Oman Fasteners to post additional collateral.  Pl.'s Reply 7 (stating that the full amount of the collateral for the new bond "is committed, and Oman Fasteners cannot recover it from its surety until all entries covered by the bond are liquidated—years from now").  It is reasonable to expect that the current, larger bond involves a larger premium as well.  Thus, obtaining a larger bond than Customs originally agreed to—potential Section 232 liability aside—resulted in significant additional cost to Oman Fasteners.  The apparent status quo is that the new bond, i.e., the bond in the largest amount the parties apparently have discussed, is in effect, but an exclusion from the Section 232 cash deposit requirement is not.

The court's April 15, 2022 Opinion and Order directed Oman Fasteners to make cash deposits in the absence of an agreement with defendants on bonding to secure potential Section 232 duty liability.  On August 19, 2022, the parties reached just such an agreement, which defendants have refused to honor.  The reasons the government offers for this refusal are not convincing.

Defendants attempt to defend their current position by arguing, first, that the liability limit on the new bond "was not an amount that CBP had ever agreed upon." Defs.' Resp. 12.  That was technically true:  the new bond was in an amount *almost double* the amount.  But defendants' position would have the court ignore the obvious

fact—which defendants do not contest—that defendants already had agreed to allow exclusion from Section 232 duty deposits in return for a *much smaller* (and less expensive) bond. Oman Fasteners obtained the new, higher bond, on an expedited basis, only because defendants did not honor the agreement they had made regarding the earlier bond amount. The court, therefore, rejects defendants' first argument.

Defendants argue, second, that Oman Fasteners should not have the benefit of any exclusion from cash deposits because "Oman Fasteners has not honored its bonding arrangement with CBP, and it cannot demand a continuation of that arrangement in light of its past, and still uncorrected, conduct." *Id.* at 17. According to defendants, "Oman Fasteners has no right to claim that it should be entitled to revive a bonding arrangement when it has persistently under-bonded relative to its obligation." *Id*. at 14. In support of its argument that "Oman Fasteners has persistently under-bonded relative to its obligations, and it now presents a substantial risk to the public fisc," defendants offer a table showing what they maintain are unpaid Section 232 duties and amounts left unsecured. *Id.* at 6. For its part, Oman Fasteners strongly disagrees, arguing that it substantially has complied with its bonding obligation. Pl.'s Reply 2–5.

Rather than address all the objections to Oman Fasteners's motion defendants have raised based on their factual assertions (which Oman Fasteners disputes), the court considers it sufficient to note that the data in defendants' table reflects a time period that predates, significantly, the June 10, 2021 date on which the court entered

judgment in favor of Oman Fasteners.  That judgment ended, for the time being, movant's obligation to post bonds for Section 232 duty liability.  Judgment 1–2 (June 10, 2021), ECF No. 108 ("[i]t is hereby ORDERED . . . that plaintiffs are no longer obligated to post a bond to cover duties enacted pursuant to Proclamation 9980").  The argument defendants base on the data in their table—regardless of whether those data are factual—is misleading because it does not recognize that the directive as to bonding the court included in its October 15, 2021 Opinion and Order was confined to post-judgment entries.  *Oman Fasteners II*, 45 CIT at __, 542 F. Supp. 3d at 1409 (directing that the parties "confer . . . with the objective of reaching, and entering into, an agreement . . . on monitoring and such bonding for entries of merchandise within the scope of Proclamation 9980 that have occurred, and will occur, *on or after June 10, 2021*") (emphasis added).  The court, therefore, rejects defendants' argument.  Because the current dispute between the parties involves security only for post-judgment entries, we reject defendants' attempt to enlarge the scope of the court's inquiry.  Further, with specific respect to post-judgment entries, defendants have failed to demonstrate to the court that the current bond, as a substitute for cash deposits, unavoidably poses a risk to the potential revenue the government may receive according to Proclamation 9980.

In further support of their current position, defendants argue that "[b]onding (in lieu of paying estimated duty deposits as required by 19 U.S.C. § 1515(a)) is a unique privilege.  It is so unique, in fact, that almost no other entity has it" and that "[f]or years,

CBP conferred this privilege to Oman Fasteners . . . ." Defs.' Resp. 2. Defendants' argument suggests that it is up to Customs to decide whether Oman Fasteners should be "conferred this privilege." That privilege was conferred by this Court, not CBP, in *Oman Fasteners II* as an exercise of equitable discretion, in granting the government's motion for a stay pending appeal of the judgment Oman Fasteners obtained.

The government's argument also fails to recognize that Oman Fasteners is in a different position than are most of the other litigants that contested Proclamation 9980 because it was among the few litigants who obtained a judgment against the United States under which Proclamation 9980 was invalidated. The government's interest in protection of potential revenue was a critical consideration underlying our decision in *Oman Fasteners II* and remains a critical consideration today, but it cannot be our only consideration. When we ordered, both in *Oman Fasteners II* and *Oman Fasteners III*, that the parties consult with the objective of reaching agreements that will be adequate to protect the revenue, we reasonably expected that the parties would act in good faith in their dealings with each other. Based on the uncontested facts underlying the government's failure to honor its agreement of August 19, 2022, we must conclude that certain of defendants' recent communications with Oman Fasteners have fallen short of that standard. In the future, defendants must meet that good faith standard in order to continue to require from Oman Fasteners, under the court's supervision, security for

potential Section 232 duty liability pending their appeal of the judgment awarded to Oman Fasteners.

### D. The Court Will Not Conduct a Hearing Before Ruling on Oman Fasteners's Motion

Oman Fasteners requested "that the Court hold any hearing on this motion no later than Wednesday, September 28, 2022, and issue its ruling by the first week of October . . . ." Pl.'s Mot. 2. Defendants have waived any right to an evidentiary or other hearing. Defs.' Resp. 1 n.1. Because we are granting immediate relief to Oman Fasteners, and because the uncontested facts are sufficient to allow us to do so, we are issuing our order without conducting a hearing on Oman Fasteners's motion.

### III. CONCLUSION AND ORDER

We agree with movant that, having obtained a bond in the larger amount (which bond the court presumes to be in effect), Oman Fasteners now should be permitted to discontinue making cash deposits for potential Section 232 duty liability. We consider movant's request that we "order Defendants to honor the full amount of Oman Fasteners' current Section 232 bond *and permit Oman Fasteners to continue bonding for its potential Section 232 liability after exhaustion of the current bond*," Pl.'s Reply 8 (emphasis added), to be too indefinite and unnecessarily broad in attempting to address matters that need not be decided at this time. We are allowing the exclusion from the Section 232 duty deposit requirement to continue until such time as defendants move for, and obtain from this Court, a modification of the requirements of this Opinion and Order, or

Oman Fasteners voluntarily enters into an agreement with defendants modifying those requirements.

Therefore, upon consideration of Oman Fasteners's motion, defendants' response, and Oman Fasteners's reply, and upon due deliberation, it is hereby

**ORDERED** that the court's order in *Oman Fasteners, LLC v. United States*, 46 CIT __, 567 F. Supp. 3d 1364 (2022) be, and hereby is, modified as set forth in this Opinion and Order; it is further

**ORDERED** that Oman Fasteners's Emergency Motion to Compel Defendants' Compliance with the Court's April 15, 2022 Order (Sept. 19, 2022), ECF Nos. 136 (conf.), 137 (public), be, and hereby is, granted in part and denied in part; it is further

**ORDERED** that, effective immediately, defendant United States and officers thereof, including, specifically, the Commissioner and other officers of U.S. Customs and Border Protection, shall not require plaintiff Oman Fasteners to make cash deposits for potential duty liability under the Presidential Proclamation, Proclamation No. 9980, *Adjusting Imports of Derivative Aluminum Articles and Derivative Steel Articles Into the United States*, 85 Fed. Reg. 5,281 (Exec. Office of the President Jan. 29, 2020) ("Proclamation 9980"), on Oman Fasteners's entries of merchandise into the United States; and it is further

**ORDERED** that defendants, during the pendency of the stay pending appeal, shall continue to exclude plaintiff Oman Fasteners from any requirement to make cash deposits for potential duty liability under Proclamation 9980 until: (1) defendants, upon motion, and for good cause shown, obtain from this Court an order modifying the terms of this Opinion and Order; or (2) Oman Fasteners voluntarily enters into an agreement with defendants that modifies the terms of this Opinion and Order.

/s/ Jennifer Choe-Groves_____
Jennifer Choe-Groves, Judge

/s/ M. Miller Baker_____
M. Miller Baker, Judge

/s/ Timothy C. Stanceu
Timothy C. Stanceu, Judge

Dated: October 21, 2022
       New York, New York